*Howell, for appellant.*
*Rodman, for appellee.*

---

J. F. STEPHENSON *v.* J. A. LISHY & Co.

**Attachment—Removal from State.**
  Acts in selling property, household goods, sufficient to authorize attachment. Exemptions not allowed.

APPEAL FROM CLINTON CIRCUIT COURT.

September 26, 1871.

OPINION OF THE COURT BY JUDGE LINDSAY:

The preponderance of the evidence in this case is clearly in favor of the proposition that the appellee, J. F. Stephenson, had before the institution of this suit ceased to be a resident housekeeper of this State. It may be possible that he intended to

return from Missouri to Clinton county after making a crop in that State, and that he contemplated the possibility of returning to Kentucky to live in case his wife was not pleased with, or failed to enjoy good health, in the west, but his actions before leaving Kentucky in selling off his household property, and conveying his house and lot to his brother tend to show that his principal object in leaving was to acquire a new home. The court therefore did not err in disallowing his claim to the exemption of the house and lot as a homestead. It is a matter of no consequence whether the levy of appellees' execution created a lien or not. The deed from J. F. to T. V. Stephenson, which was absolute upon its face, though in point of fact a mortgage, obstructed the appellee in the enforcement of his legal remedies, and he, therefore, had the right to go to equity to be relieved against said deed. Although this proceeding is not literally to enforce a lien created by the levy of an order of attachment, still we are of opinion that the judgment of the court should have fixed the place for the sale of the real estate, and at least required the commissioner to make the same on the first day of some county or circuit court. For this error the judgment is reversed. The cause is remanded for further proceedings consistent herewith.

*Butler & Brent, for appellant.*
*Winfrey, for appellee.*